

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2840 | **DATE** | 10/15/2003 |
| **CASE TITLE** | | Elmhurst Consulting vs. Gibson | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss the complaint is granted. Accordingly, this case is dismissed on jurisdictional grounds without prejudice. Any pending motion in this case is terminated as moot. Any schedule set in this case is also vacated. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **3** number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2003 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 10/15/2003 date mailed notice |
| MPJ | courtroom deputy's initials | 03 OCT 15 PM 4:48 Date/time received in central Clerk's Office | MPJ mailing deputy initials |

Document Number: 21

DOCKETED
OCT 1 6 2003

DOCKETED
OCT

DOCKETED
OCT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELMHURST CONSULTING, LLC, a )
limited liability company, )
)
Plaintiff, )
)
v. )  No.  03 C 2840
)
)
WESLEY J. GIBSON, an )
individual, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Elmhurst Consulting, LLC ("Elmhurst") sues Wesley J. Gibson ("Gibson"), a former officer and director of Alaris Consulting, Inc. ("Alaris"), for alleged misconduct by Mr. Gibson that, if true, amounted to fraud and theft from Alaris. According to Elmhurst, Gibson's alleged misconduct also hurt it.

Elmhurst is a holding company incorporated in Delaware with its principal place of business in the District of Columbia. Elmhurst is wholly owned by Allied Capital ("Allied"), a District of Columbia corporation. Alaris, an Illinois corporation, was formerly known as Gibson & Associates, Inc. Elmhurst is a 95 percent shareholder of Alaris; Mr. Gibson is a 3.6 percent shareholder of Alaris. Elmhurst alleges breach of fiduciary duty and breach of contract claims against Mr. Gibson. Jurisdiction is based on diversity of citizenship. Mr. Gibson has moved to dismiss, arguing that diversity does not exist; that Elmhurst is

not the real party in interest; that Alaris is a necessary party, requiring dismissal for failure to satisfy the diversity of citizenship requirement, and that the disputes are at any rate subject to a pending arbitration. I grant the motion to dismiss.

I.

Mr. Gibson argues that Elmhurst is a corporate citizen of Illinois, not the District of Columbia, and therefore the jurisdictional basis for the claim is destroyed. Federal diversity jurisdiction requires complete diversity among the parties. A corporation is a citizen of the state where it is incorporated, as well as the state where it has its principal place of business. 28 U.S.C. §1332(c). The Seventh Circuit has adopted a "nerve center" test for determining the location of a corporation's principal place of business. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). Ordinarily, the "nerve center" of a corporation is found where the corporation's headquarters are located. *Id.* Only when the "nominal headquarters isn't the directing intelligence of the corporation" should this court look beyond that location. *Id.* at 1282-83.

In this case, Elmhurst states that its headquarters are located in the District of Columbia. Nothing before me suggests that the "directing intelligence" of Elmhurst is not located at its headquarters. Its sole owner, Allied, is located in the District of Columbia. All important management and operational decisions

are made in the District of Columbia. Elmhurst's offices and bank account are also located in the District of Columbia. Under the "nerve center" test, Elmhurst has its principal place of business in the District of Columbia. Since Mr. Gibson is an Illinois citizen and Elmhurst is a citizen of Delaware (through its incorporation) and the District of Columbia, there is complete diversity between the existing parties.

II.

Mr. Gibson argues that the claims brought by Elmhurst as a direct action should properly be brought, if at all, as a shareholder derivative suit on behalf of Alaris. If Elmhurst, as a shareholder, seeks to recover damages for an injury to the corporation, such a suit must be brought derivatively on behalf of the corporation. *Small v. Sussman,* 713 N.E.2d 1216, 1219 (Ill. App. 1999). If, however, Elmhurst can claim a distinct personal injury, the shareholder may bring a direct suit on its own behalf. *Frank v. Hadesman and Frank,* 83 F.3d 158, 160 (7th Cir. 1996).

Elmhurst brings two claims against Gibson: breach of fiduciary duty and breach of contract. In Count I, Elmhurst alleges a breach of fiduciary duty on the part of Mr. Gibson. Specific acts alleged include misappropriating Alaris' assets and usurping business opportunities from Alaris. These allegations are classic examples of injuries done to the corporation. *Small,* 713 N.E.2d at 643-644;

*Frank*, 83 F.3d at 161.[1]  Redress for these injuries should have been sought through a shareholder derivative suit on behalf of Alaris, not through a direct suit on behalf of Elmhurst.[2]  Mr. Gibson's motion to dismiss Count I is therefore granted.

In Count II, Elmhurst alleges breach of contract based on the Stockholders Agreement signed between Mr. Gibson and Elmhurst, *inter alia*.  "An action in which the holder can prevail without showing an injury or breach of duty to the corporation should be treated as a direct action that may be maintained by the holder in an individual capacity."  *Frank*, 83 F.3d at 160.  Elmhurst's allegations that Mr. Gibson breached the agreement by failing to obtain prior approval before using an airplane and a training facility at least technically do not rely on an injury to Alaris, but on the fact that the Stockholders Agreement prohibits the alleged conduct.  The damage is nevertheless an injury to Alaris.  It is, however, unnecessary to decide whether this claim can be

---

[1] Elmhurst's reliance on *Zokoych v. Spalding*, 36 Ill. App. 3d 654, 344 N.E.2d 805 (1st Dist. 1976), is misplaced.  As that court held, the question is whether the "'gravamen' of the pleadings states injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole." 344 N.E.2d at 813.  In that case, the plaintiff's essential injuries, in being removed as president and director, not getting back his pledged stock, not getting his salary, and leaving him as guarantor of the debt of the company allegedly driven into bankruptcy by defendants, were individual and separate from the injury to the company.

[2] The fact that Alaris is a closely-held corporation does not alter this analysis or the result.  *Small*, 713 N.E.2d at 643; *Frank*, 83 F.3d at 161-162.

4

brought as a direct action because it must nevertheless be dismissed for failure to join a necessary party.

Whether Alaris is a necessary party under FED. R. CIV. P. 19 depends upon "whether (1) complete relief can be accorded among the present parties to the lawsuit; (2) the absent party's ability to protect its interest will be impaired; and (3) any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined." *Extra Equipamentos E Exportacao v. Case Corp.*, No. 01 C 8591, 2002 WL 1888540, *2 (N.D. Ill. 2002)(Manning, J.). When the absent party is a party to the contract at issue in the claim, the Seventh Circuit has held that the party is a necessary one. *Id.* at *3, *U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 478 (7th Cir. 1996). Under this analysis, Alaris is a necessary party. Elmhurst's breach of contract claim arises under the Stockholders Agreement, to which Alaris (under its previous name, Gibson & Associates) is a party. Further, if Alaris is not joined in the present action, Mr. Gibson may be subject to multiple adverse judgments arising from the same actions under the same contract.

Since Alaris is a necessary party under Rule 19(a) it ordinarily should be joined. Joinder in this case, however, will destroy diversity since Alaris is an Illinois corporation. When joinder is not possible, "the court shall determine whether in equity and good conscience the action should proceed among the

parties before it, or should be dismissed, the absent person being thus regarded as indispensable". FED. R. CIV. P. 19(b). When determining if a party is indispensable four factors are considered: "(1) the extent to which a judgment entered in the absence of a party will be prejudicial to those currently before the court; (2) the extent to which such prejudice can be lessened or avoided by reshaping the judgment; (3) whether a judgment entered in a party's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed." *Moore v. Ashland Oil, Inc.,* 901 F.2d 1445, 1447 (7th Cir. 1990). If judgment is entered in this case without the presence of Alaris, Mr. Gibson will potentially be subject to multiple judgments resulting from the same alleged actions. Further, Alaris is a party to the Stockholders Agreement, the contract at issue under the breach of contract claim, making it a "paradigmatic example of an indispensable party." *Extra,* 2002 WL 1888540 at *7. Finally, Elmhurst has an adequate alternative forum; it could pursue this claim against Mr. Gibson in state court, where jurisdiction is not constrained by 28 U.S.C. §1332.

### III.

I grant Mr. Gibson's motion to dismiss Counts I and II pursuant to FED. R. CIV. P. 19. The case is dismissed without

prejudice.³

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 15, 2003

---

⁴ Since I have dismissed this case on jurisdictional grounds I have not addressed Mr. Gibson's argument that the claims are subject to arbitration.